UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| RANDALL PAVLOCK, KIMBERLEY PAVLOCK, and RAYMOND CAHNMAN, <br><br> Plaintiffs, <br><br> v. <br><br> ERIC J. HOLCOMB, in his official capacity as Governor of the State of Indiana; CURTIS T. HILL, in his official capacity as Attorney General of the State of Indiana; CAMERON F. CLARK, in his official capacity as the Director of the State of Indiana Department of Natural Resources, and TOM LAYCOCK, in his official capacity as Acting Director for the State of Indiana Land Office, <br><br> Defendants. | Case No. 2:19-cv-466 |

**OPINION AND ORDER**

This matter is before the court on the Motion to Intervene [DE 7] filed by the intervenor, Save the Dunes Conservation Fund, Inc., on December 18, 2019. For the following reasons, the motion is **DENIED.**

*Background*

The plaintiffs, Randall Pavlock, Kimberley Pavlock, and Raymond Cahnman, seek to enjoin the defendants, Indiana officials, from continuing to enforce a recent Indiana Supreme Court decision that declared that private lakefront owners, such as the plaintiffs, cannot own property below the "ordinary high water mark" (OHWM) of Lake Michigan. *See* ***Gunderson v. State***, 90 N.E.3d 1171 (Ind. 2018), *cert. denied sub nom.* ***Gunderson v. Indiana***, 139 S. Ct. 1167 (2019). As a result of ***Gunderson***, the plaintiffs allege that the State owns what once was the

plaintiffs' beach property below the OHWM.  The plaintiffs claim that their property was taken without just compensation as a result of *Gunderson* (takings claim).

Save the Dunes petitions to intervene in this matter as of right under Federal Rule of Civil Procedure 24(a)(2) or, in the alternative, permissively under Federal Rule of Civil Procedure 24(b)(1)(B).  Save the Dunes seeks to defend its members' rights to use the beach below the natural OHWM.  It also seeks to protect its organizational interests in maintaining the public status of the shore to facilitate its mission and programs to preserve the public use and the environment of the shore.

The plaintiffs filed a response opposing Save the Dunes' motion on January 27, 2020.  The plaintiffs claim that Save the Dunes lacks standing to intervene.  Moreover, the plaintiffs assert that Save the Dunes does not have the right to intervene under Rule 24(a)(2) nor has it met the requirements for permissive intervention under Rule 24(b).  The defendants also filed a response opposing Save the Dunes' motion to intervene on January 28, 2020.  The defendants contend that they have the authority and ability to fully defend the constitutionality of Indiana law.  Save the Dunes filed a reply on February 11, 2020.

*Discussion*

**Federal Rule of Civil Procedure 24** provides for intervention both as of right and permissively.  On a timely motion, the court must permit anyone to intervene who:  (1) is given an unconditional right to intervene by federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.  **Federal Rule of Civil Procedure 24(a).**  Permissive intervention is allowed so long as the motion is timely, and the petitioner "has

a claim or defense that shares with the main action a common question of law or fact." **Federal Rule of Civil Procedure 24(b)(1)(B).**

In order to intervene as of right under Rule 24(a), the Seventh Circuit requires the proposed intervenor to establish Article III standing. *See Planned Parenthood of Wisconsin, Inc. v. Kaul*, 942 F.3d 793, 798 (7th Cir. 2019) ("[a] party without standing cannot intervene as of right"). Save the Dunes does not argue that it has standing in its own right to intervene. Instead, Save the Dunes contends that it has associational standing to intervene as of right on behalf of its members. An organization has associational standing, and may bring suit on behalf of its members, when these three criteria are met: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit. *Hunt v. Washington State Apple Advertising Com'n*, 432 U.S. 333, 343, 97 S. Ct. 2434, 2441 (1977).

Save the Dunes has argued that several of its members have standing to sue in their own right. It claims that the relief requested by the plaintiffs, if granted, would significantly impair its members' use and enjoyment of the lakeshore below the natural OHWM. Further, Save the Dunes asserts that a judgment in favor of the plaintiffs would erase its members' public trust rights and replace them with significantly more limited "walking easements."

The plaintiffs have indicated that Save the Dunes' members have secure, vested rights to walk along the shore below the OHWM on the disputed properties regardless of the outcome of this matter. The plaintiffs have indicated that their sole concern in the instant matter is "the *Gunderson* court's conclusion that Indiana holds exclusive title to the shore of Lake Michigan below the OHWM," not public trust rights in Indiana. (DE 21, p. 7).

The court in *Gunderson* refused to define the scope of public rights other than stating that "[t]here must necessarily be some degree of temporary, transitory occupation of the shore for the public to access the waters, whether for navigation, commerce, or fishing—the traditional triad of protected uses under the common-law public trust doctrine."  (citing ***Illinois Cent. R. Co. v. State of Illinois***, 146 U.S. 387, 452, 13 S. Ct. 110 (1892)).  The court concluded that, *"at a minimum,* walking below the natural OHWM along the shores of Lake Michigan is a protected public use in Indiana."  *Gunderson*, 90 N.E.3d at 1188.  The court, in exercising judicial restraint, specifically stated that, "any enlargement of public rights on the beaches of Lake Michigan beyond those recognized today is better left to the more representative lawmaking procedures of the other branches of government."  *Gunderson*, 90 N.E.3d at 1188.  Thus, the *Gunderson* court left open the possibility that the General Assembly could expand the scope of public trust rights and uses.

The public trust doctrine gives the State title to navigable waters and their beds within their borders.  ***PPL Montana, LLC v. Montana***, 565 U.S. 576, 603-604, 132 S. Ct. 1215, 1235 (2012).  A judgment in favor of the plaintiffs would erase common-law public trust rights because the shore no longer would be land "held in trust" for public use, rather it would be owned by the plaintiffs.  Thus, Save the Dunes members would be subject to a walking easement, a non-possessory right to walk through a portion of another's private property.  *See* ***Washington Metro. Area Transit Auth. v. Georgetown Univ.***, 180 F. Supp. 2d 137, 140-141 (D.D.C. 2001), *rev'd on other grounds*, 347 F.3d 941 (D.C. Cir. 2003).  "Walking easements" are limited to walking, jogging, or running on foot and for no other purpose.  Accordingly, a judgment in the plaintiffs' favor would exclude those "traditional triad of protected uses under

the common-law public trust doctrine" including fishing, navigation, and commerce found in *Gunderson.*

Furthermore, the Indiana General Assembly passed House Enrolled Act 1385, which codified the decision in *Gunderson.  See* 2020 Ind. Legis. Serv. Pub. L. 164-2020 (H.E.A. 1385) (WEST).  HEA 1385 also clarified that the public may use the public trust for any recreational purpose, which "means any of the following:  (1) walking; (2) fishing; (3) boating; (4) swimming; and (5) any other recreational purpose for which Lake Michigan is ordinarily used, as recognized by the commission for the purposes of this section."  **Ind. Code § 14-26-2.1-4** (codifying HEA 1385, effective July 1, 2020).  Accordingly, Save the Dunes has shown that if the plaintiffs prevail in this matter it would have an impact on its members' rights to use the Lake Michigan shoreline.

Save the Dunes asserts that the interests they seek to protect are germane to their organizational purpose.  The plaintiffs concede that Save the Dunes satisfies this factor, but the defendants disagree.  Save the Dunes' mission is "to preserve, protect and restore the Indiana Dunes and all natural resources in Northwest Indiana's Lake Michigan Watershed for an enhanced quality of life."  (Johnson Aff. ¶ 9); *see also* https://savedunes.org/.  Save the Dunes represents that it has expanded its current mission to protect its members' and the public's rights to freely access and use the lakeshore.  *See* (Johnson Aff. ¶ 17) ("While the protection of natural resources has been our primary goal, we have prioritized broad public access to the shoreline and dunes; in particular, we have fought against efforts to privatize the lakefront and exclude the public.").

The defendants argue that the takings claim at the center of this case is not germane to Save the Dunes' environmental and conservation interests because its mission is "to preserve,

protect and restore the Indiana Dunes and all natural resources in Northwest Indiana's Lake Michigan Watershed for enhanced quality of life." Thus, the defendants contend that Save the Dunes' mission statement says nothing about seeking to "protect its members' and the public's rights to freely access and use the lakeshore." Instead, the defendants have indicated that Save the Dunes has sought only to avoid privatization of the shoreline as a means of protecting natural resources and not to maintain public access to the shore. Therefore, the defendants contend that Save the Dunes' interest in the instant matter is not germane to its purpose.

In order to establish the second prong of the associational standing test, an organization must offer "competent proof" that the interests it seeks to protect are "germane to its organizational purpose." ***Wiggins v. Martin***, 150 F.3d 671, 675 (7th Cir. 1998). The defendants seek to conduct a microscopic analysis of Save the Dunes' mission statement but that is not necessary. Save the Dunes has offered evidence, including affidavits, that it attempts to block private ownership of beaches as part of its mission to preserve the Indiana shores along Lake Michigan. That is enough to establish that the interests it seeks to protect are germane to its organizational purpose. Because Save the Dunes has offered competent evidence, it has satisfied the second prong of the ***Hunt*** test.

Finally, Save the Dunes asserts that individual members' participation is not necessary. Save the Dunes does not assert a claim for damages or relief for its individual members. Moreover, neither the defendants nor the plaintiffs have argued that Save the Dunes does not satisfy this prong necessary for associational standing. Because there is no dispute that the lawsuit does not require the participation of individual members of Save the Dunes, the third prong of the ***Hunt*** test is satisfied. Save the Dunes has established the three prongs of the ***Hunt*** test and has associational standing to intervene.

Next, **Federal Rule of Civil Procedure 24(a)(2)** requires a proposed intervenor to satisfy these four requirements to obtain intervention of right:  (1) a timely application for leave to intervene; (2) a claim of interest relating to the property or transaction that is the subject of the action; (3) a danger that disposition of the action may as a practical matter diminish the applicant's ability to protect that interest; and (4) existing parties to a case will not adequately represent the applicant's interest.  *See* ***Sokaogon Chippewa Cmty. v. Babbitt***, 214 F.3d 941, 945–46 (7th Cir. 2000).  The burden is on the party seeking to intervene to show that all four criteria are met.  ***Keith v. Daley***, 764 F.2d 1265, 1268 (7th Cir. 1985).

The court finds that Save the Dunes has met only two of the four requirements necessary to obtain intervention of right.  Save the Dunes filed its motion to intervene 13 days after the lawsuit was filed.  Thus, the motion to intervene was timely.  Moreover, the court finds that the interests of Save the Dunes and its individual members could be impeded by an outcome favorable to plaintiffs.  However, despite meeting these two requirements, Save the Dunes has not shown that it has a direct and significant legal interest in the disputed properties or that the defendants will not adequately represent its interest.

Save the Dunes contends that it has an interest in the plaintiffs' claims because the public trust benefits its individual members.  However, the defendants have argued that it is the State which holds that land in trust for the public, and as the trustee, it is the State who holds the ultimate right in safeguarding the public trust.  *See* ***Illinois Cent. R.R. Co. v. Illinois***, 146 U.S. 387, 452 (1892).  The defendants assert that the only two parties with a direct and significant legal interest in the plaintiffs' 5th Amendment takings claim are the property owners and the State.

The proposed intervenor must demonstrate a direct, significant, and legally protectable interest in the question at issue in the lawsuit, and such interest must be unique to the proposed intervenor. ***Wisconsin Educ. Ass'n Council v. Walker***, 705 F.3d 640, 658 (7th Cir. 2013). The interest must be based on a right that belongs to the proposed intervenor rather than to an existing party in the suit. ***Wade v. Goldschmidt***, 673 F.2d 182, 185 (7th Cir. 1982). The interest must be so direct that the applicant would have "a right to maintain a claim for the relief sought." ***Keith v. Daley***, 764 F.2d 1265, 1268 (7th Cir. 1985) (quoting ***Heyman v. Exchange National Bank of Chicago***, 615 F.2d 1190, 1193 (7th Cir. 1980)).

In the instant matter, the plaintiffs claim that their private property was wrongly taken for public use. In a similar case, the Seventh Circuit held that the only two parties with a legal interest in an eminent domain action were the government and the private property owners. ***United States v. 36.96 Acres of Land, More or Less, Situated in LaPorte Cty., State of Ind.***, 754 F.2d 855, 858 (7th Cir. 1985). Accordingly, the two legal interests were the government's power to exercise eminent domain and the property owner's title to the property subject to condemnation. ***36.96 Acres of Land, More or Less, Situated in LaPorte Cty., State of Ind.***, 754 F.2d at 858.

It is true that Save the Dunes' members *may* have a cognizable public trust property interest in the Lake Michigan shoreline. *See* ***Protect Our Parks, Inc. v. Chicago Park Dist.***, 385 F. Supp. 3d 662, 687 (N.D. Ill. 2019). However, the public trust interest does not rise to the level of a "significant protectable interest" to intervene in a 5th Amendment takings claim. Such a claim only can be brought against and defended by the government which allegedly took the property. *See* ***36.96 Acres of Land, More or Less, Situated in LaPorte Cty., State of Ind.***, 754 F.2d at 858 ("No entity, public or private, other than the legislature, can claim the sovereign

authority to condemn property—a 'direct, significant legally protectable interest'—unless Congress has delegated that authority to the party."). Save the Dunes has not been delegated authority by Congress to defend against a takings claim.

Next, Save the Dunes has argued that the defendants inadequately represent its interests and that its and the defendants' interests conflict. Save the Dunes has indicated that it does not seek to protect the government's ownership interest in the beachfront or to act as a representative of the State. Instead, Save the Dunes' asserts that their public trust and conservation interests are distinct from the government's regulatory interest. Save the Dunes contends that because the defendants are not "charged by law" with upholding public trust rights, they do not adequately represent Save the Dunes' interests.

However, the plaintiffs assert that a presumption of adequate representation is established when the current party is the government charged with protecting the interest at stake. The defendants make a similar argument that they adequately represent Save the Dunes' interests. Further, the defendants contend that contrary to Save the Dunes' assertion, it is the defendants' duty to protect public trust rights.

A proposed intervenor can satisfy the fourth requirement of the *Hunt* test by showing that the current representation of its interest may be inadequate. ***Planned Parenthood of Wisconsin, Inc. v. Kaul***, 942 F.3d 793, 799 (7th Cir. 2019) (citing ***Trbovich v. United Mine Workers of Am.***, 404 U.S. 528, 538 n.10, 92 S. Ct. 630, 636 (1972)). But there is a rebuttable presumption of adequate representation when the proposed intervenor and a party have the same goal. ***Kaul***, 942 F.3d at 799. When the proposed intervenor and a party have the same goal, the proposed intervenor must show a conflict between it and the party. ***Kaul***, 942 F.3d at 799. The rebuttable presumption of adequate representation becomes even stronger when the party is a government

9

agency charged with protecting the interest at the center of an applicant's proposed intervention, unless there is a showing of "gross negligence" on the part of the government. *Kaul*, 942 F.3d at 799.

Although Save the Dunes and the defendants were at odds over the exact boundary of the OHWM, their interests are the same. Save the Dunes and the defendants seek to defend the various holdings of *Gunderson*, particularly that the State holds in trust for the public exclusive title to the shore of Lake Michigan up to the OHWM. *Gunderson*, 90 N.E.3d at 1184-1188. The location of the OHWM boundary is not part of the claim. Moreover, there has been no indication that the defendants have interests that are contrary to the interests of Save the Dunes or that they will fail to uphold Indiana law. It is the defendants' duty to protect public trust rights. *See Illinois Cent. R. Co*, 146 U.S. 387, 452-453 (the government owns the land in trust for the benefit of the public and cannot abandon their obligation). The defendants want to preserve the public's right to access the shore below the OHWM, like Save the Dunes' interest. Accordingly, since the defendants adequately represent Save the Dunes' interests in the instant matter, the court finds that Save the Dunes' request to intervene as of right is denied.

In the alternative, Save the Dunes argues that it is entitled to permissive intervention. Save the Dunes contends that its motion was timely and its defenses include questions of law and fact in the takings claim, both of which are required in Rule 24(b)(1)(B). However, the defendants argue that permissive intervention would unnecessarily complicate the issues by allowing a private party to defend a constitutional claim. The plaintiffs additionally have argued that permissive intervention should be denied because Save the Dunes' interest is adequately represented by the defendants.

Under **Rule 24(b)(1)(B)**, an applicant may permissively intervene (1) when the applicant's claim or defense shares a common question of law or fact with the underlying claim; and (2) independent jurisdiction exists. *Ligas ex rel. Foster v. Maram*, 478 F.3d 771, 775 (7th Cir. 2007). Permissive intervention is entirely discretionary. *Sokaogon Chippewa Cmty.*, 214 F.3d at 949. In addition, courts "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." **Rule 24(b)(3)**.

The interests in permitting Save the Dunes to intervene and promote their environmental conservation goals are outweighed by the complications involved in a party intervening in a takings claim. Adding an extra layer of issues when deciding what role Save the Dunes would play in the underlying litigation would needlessly complicate the case. Although the factors in Rule 24(a)(2) are not decisive in a motion for permissive intervention, they can still be considered. *Planned Parenthood of Wisconsin, Inc*, 942 F.3d at 804. Here, the court has found that the interests that Save the Dunes seeks to protect are being adequately represented by the defendants. As such, Save the Dunes' request for permissive intervention is denied.

Based on the foregoing reasons, the Motion to Intervene [DE 7] is **DENIED**. Save the Dunes' Answer and Affirmative Defenses to Plaintiffs' First Amended Complaint [DE 38] is **STRICKEN.**

ENTERED this 24th day of September, 2020.

/s/ Andrew P. Rodovich
United States Magistrate Judge